Clerk's Office
Filed Date: 9/2/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

THE ANNUITY, WELFARE AND
APPRENTICESHIP SKILL IMPROVEMENT &
SAFETY FUNDS OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS,
LOCAL 15, 15A, 15C & 15D, AFL-CIO, *by their Trustees James T. Callahan, Thomas A. Callahan, Michael Salgo and William Tyson*, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, *by its Chief Executive Officer Michael A. Crabtree*, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO, *by its President and Business Manager Thomas A. Callahan*,

                Plaintiffs,

           v.

GENRUS CORPORATION,

                Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-4980 (MKB) (RER)

MARGO K. BRODIE, United States District Judge:

    Plaintiffs The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers, Local 15, 15A, 15C & 15D, AFL-CIO, by their Trustees James T. Callahan, Thomas A. Callahan, Michael Salgo and William Tyson, Central Pension Fund of the International Union of Operating Engineers, by its Chief Executive Officer Michael A. Crabtree, and International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO, by its President and Business Manager Thomas A. Callahan, commenced the above-captioned action against Defendant Genrus Corporation on October 16, 2020, under sections 502 and 515 of the Employee Retirement Income Security Act of 1974, *as amended*, 29

U.S.C. §§ 1132 and 1145, and section 301 of the Labor Management Relations Act of 1947, *as amended*, 29 U.S.C. § 185.  (Compl. ¶¶ 1–2, Docket Entry No. 1.)  Plaintiffs seek "to recover fringe benefit contributions owed to employee fringe benefit trust funds and supplemental union dues and political action committee payments owed to a labor organization based upon the breach of the terms and conditions of a collective bargaining agreement." (*Id.* ¶ 1.)  After Defendants failed to appear or otherwise defend this action, the Clerk of Court entered default against them on December 3, 2020.  (Clerk's Entry of Default, Docket Entry No. 8.)  On December 3, 2020, Plaintiffs moved for a default judgment, (Pls.' Mot. for Default J., Docket Entry No. 9), and on April 20, 2021, the Court referred the motion to Magistrate Judge Ramon E. Reyes, Jr. for report and recommendation, (Order dated Apr. 20, 2021).

By report and recommendation dated August 16, 2021, Judge Reyes recommended that the Court grant Plaintiffs' motion for default judgment and award a total of $51,148.42 representing: (1) $30,374.79 in unpaid contributions; (2) $12,326.60 in pre-judgment interest; (3) $3,423.03 in liquidated damages; (4) $2,535 in attorneys' fees; (5) $489 in costs; and (6) $2,000 in auditor's fees (the "R&R").  (R&R 13–14, Docket Entry No. 16.)  Judge Reyes also recommended that the Court award Plaintiffs additional pre-judgment interest calculated from August 16, 2021, through the date that the Clerk of Court enters final judgment and post-judgment interest on all sums awarded from the date judgment is entered to the date of payment at a rate of $5.66 per day.  (*Id.* at 8, 13–14.)

No objections to the R&R have been filed and the time for doing so has passed.

**I.  Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

2

28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

**II. Conclusion**

The Court adopts the R&R and grants Plaintiffs' motion for default judgment and awards Plaintiffs $51,148.42 representing: (1) $30,374.79 in unpaid contributions; (2) $12,326.60 in pre-judgment interest; (3) $3,423.03 in liquidated damages; (4) $2,535 in attorneys' fees; (5) $489 in

3

costs; (6) $2,000 in auditor's fees; and (7) additional pre-judgment interest calculated from August 16, 2021, through the date that the Clerk of Court enters final judgment and post-judgment interest on all sums awarded from the date judgment is entered to the date of payment at a rate of $5.66 per day.

Plaintiffs are directed to serve copies of this Order upon Defendants at their last known addresses and to file proof of service with the Court.  The Clerk of Court is respectfully directed to close the case.

Dated: September 2, 2021
      Brooklyn, New York

SO ORDERED:

\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge